**DISTRICT OF COLUMBIA et al.,**
Appellants,

v.

**John B. WENTWORTH et al., Appellees.**

**FIRST BAPTIST CHURCH OF The CITY OF WASHINGTON, D. C., Appellant,**

v.

**John B. WENTWORTH and Hazel H.**
Wentworth, Appellees.

**Nos. 15739, 15831.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 13, 1961.

Decided March 2, 1961.

Petition for Rehearing Denied
April 11, 1961.

Mr. John R. Hess, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert P. Pair, Asst. Corp. Counsel, were on the brief, for appellants in No. 15,739.

Mr. Alvin O. West, Washington, D. C., with whom Mr. Warren E. Miller, Washington, D. C., was on the brief, for appellant in No. 15,831.

Mr. Alexander Boskoff, Washington, D. C., for appellees.

Before PHILLIPS, Senior United States Circuit Judge for the Tenth Circuit,* and FAHY and BURGER, Circuit Judges.

PHILLIPS, Circuit Judge.

The question presented on these appeals is the validity of certain administrative proceedings carried on pursuant to 5 D.C.Code §§ 501, 502 and 503 (1951), relating to unsafe structures, and culminating in an assessment of the cost of repair to such a structure made by the District of Columbia,[1] against the owners of the land on which it is located.

---

* Sitting by designation pursuant to Section 294(d), Title 28 U.S.C.

1. Hereinafter called the District.

John B. Wentworth and Hazel H. Wentworth [2] are the owners of a building known as 1632 O Street, N. W., situated on a tract of land in the District described as lot 803, square 181. Such building is 39 feet, 7 inches wide, 86 feet long and approximately 28 feet high. The First Baptist Church [3] is the owner of a building known as 1628 O Street, N. W., situated on a tract of land in the District described as lot 804, square 181, which lies immediately east of lot 803. The Church building is 18 feet wide, 42 feet long and 20 feet high. Both lots front on O Street and extend southerly to an alley at their rear.

In May 1958, the A & A Wrecking Company, which had been employed by the Church to raze its building, filed with the District Department of Licenses and Inspections an application for a permit to raze such building, stating therein that the razing would not involve a party wall. The permit to raze was granted May 22, 1958. After the razing operations had commenced and the rear portion of the upper story of the Church building had been removed, the razing was suspended because it was believed the wall between the two buildings was unsafe. On June 18, 1958, a construction inspector reported that the east wall of 1632 was "cracked and not bonded properly thus causing it to lean outwards," and constituted a violation of the District Building Code. On the same day the District sent a written notice to the Wentworths describing the condition of the wall set forth in the inspector's report, stating the condition was dangerous and unsafe, and directing the Wentworths to correct the condition within ten days after receipt of the notice. Thereafter on July 2, 1958, the District sent a written notice to the wrecking company setting forth that the statement in its application for the permit that no party wall was involved seemed to be questionable and directing the wrecking company to furnish the construction section of the District with a plat certifying as to the location of

the wall between 1628 and 1632. The plat was prepared and filed on September 5, 1958.

On September 10, 1958, the District directed the Church to suspend all razing operations until the party wall had been made safe, and again served a second written notice on the Wentworths stating the wall was in a dangerous and unsafe condition and directing them to correct such condition as required by the District Building Code.

The Church continued to deny that the wall was a party wall. The Wentworths in a letter to the District insisted it was a party wall and that if it was in an unsafe condition, such condition was due to the settling of the building on 1628 or the razing operations, and requested the District to appoint, pursuant to section 5–502, a board of survey and designated their member of such board. Thereupon the Church by letter to the District designated its member of the board of survey. The District appointed two boards, one for each of the premises, each board consisting of a member designated by the owner, one designated by the District and a third chosen by those two. The same person served as the District's member and the same person served as the third member on both boards.

The boards filed a joint report on December 6, 1958, in which they found that the east face of the wall was "approximately 2 inches east of the lot line, making it a party wall for the north 42 feet." They further found and described in their report conditions existing in the wall consisting of cracks, bulges and lack of plumb apparently of long duration which clearly rendered it unsafe; and they further found that the wrecking operations had "not caused any cracks or damage to the wall." As a conclusion the report set forth that the wall was in an unsafe condition.

On December 22, 1958, the District by separate written notice to the Wentworths and the Church directed them

2. Hereinafter called the Wentworths.

3. Hereinafter called the Church.

to make the wall safe. Enforcement of the directives was held in abeyance while the parties attempted to reach an agreement as to their respective responsibilities for the repair or razing of the wall. They were unable to agree, and the boards of survey were reconvened at the request of the District. All members of the two boards met except the member designated by the Wentworths. The Boards re-inspected the premises, found no change had taken place in the condition of the wall since their first report, and confirmed the findings and conclusions made in their first report.

On November 6, 1959, the District again by separate written notice to the Wentworths and the Church directed them to make the wall safe and advised them if they failed to do so within a stated period, the District in accordance with section 5–503 would perform the work and assess the costs thereof against the lots on which the wall was located.

On November 12, 1959, the Wentworths filed this action against the District and the Church, seeking a judgment enjoining the District from proceeding further under the notice and directive of November 6, 1959, adjudging such notice and directive to be invalid, and ordering the District and the Church to remove the partly razed structure on 1628 and to make proper and necessary safeguards and repairs to the party wall in compliance with article 309–03 of the District Building Code.

The Church answered and interposed a cross-claim and a counterclaim in which it sought an adjudication that the wall was not a party wall and that the Church had an election to remove or raze the wall, and a judgment for damages against the Wentworths alleging that the failure of the Wentworths to comply with the order of the District Department of Licenses and Inspections issued September 10, 1958, directing them to correct the dangerous and unsafe condition of the wall, prevented the Church from proceeding with the razing of its building and resulted in the loss of the use of the premises by it.

A motion for a temporary restraining order was denied without prejudice to the Wentworths seeking a temporary injunction; however, the Wentworths did not seek a temporary injunction.

The District filed a motion to dismiss the complaint or in the alternative for a summary judgment, attaching as an exhibit thereto copies of the inspectors' reports, the boards of survey reports, the various notices, directives and orders, the razing permit issued to the Church, the letters from the Church and the Wentworths to the District, and other documents reflecting the facts above set forth. The Wentworths also filed a motion for a summary judgment.

The Wentworths at no time by any appropriate proceedings sought to review or set aside the findings and conclusions of the boards of survey. They bottomed their case solely on the contention that the District was not authorized to proceed under sections of the Code relating to unsafe structures where a party wall involved in a razing operation was found to be dangerous.

The trial court held that the provisions of 5 D.C.Code §§ 501, 502 and 503 were not applicable and were not available to the District under the facts in the instant case; that the order of November 6, 1959 was unauthorized; that such order and the proceedings undertaken to be carried out by the District under such sections were void; and that the District should have proceeded under article 309–03 of the Building Code. It predicated its decision on District of Columbia v. Mattingly, 28 App.D.C. 176.

When the court had ruled the proceedings and action taken by the District were invalid, counsel for the Church agreed that such decision precluded relief to the Church under its cross-claim and counterclaim. Thereupon the court entered summary judgment against the District and the Church, adjudging the notice and directive of November 6, 1959 to be null and void and enjoining the District and the Church "from any further proceeding thereunder against" the

Wentworths. The District and the Church have appealed.

Section 5–501 provides that when any building in the District "shall, from any cause, be reported unsafe, the inspector of buildings shall examine such structure or excavation, and if, in his opinion, the same be unsafe," he shall notify the owner to make it "safe and secure," or that it be removed.

Section 5–502 provides that when the owner refuses to comply with such notice and the public safety does not require immediate action, a careful survey of the premises shall be made by three disinterested persons; that one shall be appointed by the District and one by the owner and that the two so appointed shall choose the third.

Section 5–503 provides that when the report of such survey shall declare the structure to be unsafe and the owner for ten days shall refuse to cause such structure to be made safe, the inspector of buildings shall proceed to make such structure safe and report the costs thereof to the Commissioners of the District, who shall assess such costs against the "lot or ground" on which such structure stands.

Article 309–03 of the Building Code of the District provides that when any building which is enclosed on one or more sides by a party wall is razed and such party wall left standing, and such wall in the opinion of the Director of Licenses and Inspections is "unsafe or dangerous," then the owner of the building being razed shall "either remove and reconstruct" the party wall or "anchor, brace, or buttress the same, and do all other necessary work to enclose properly the building * * * left standing."

In the Mattingly case, Mattingly and one Farren each owned a building. The buildings adjoined and were served by the same party wall. Farren employed a contractor to raze his building. The party wall was nine inches thick. In such wall were two chimneys which projected thirteen inches from the party wall into the building being razed. In the razing operations ten to twelve feet of the base of each chimney was removed and each chimney was left supported only by a wooden post four inches by four inches. Such removal made the wall unsafe. An inspector for the District having found that the party wall was unsafe, the District caused a board of survey to be constituted under section 5–502. The court concluded from the board of survey report that the unsafe condition of the wall was caused solely by the razing operations and held the sections relating to unsafe structures inapplicable, because "the wall * * * would have been sufficient for the purposes for which it was erected but for the act of the adjoining owner." The court further held that the District might have proceeded under section 74 of the District building regulations, now as amended, article 309–03.

We think the facts in Mattingly clearly distinguished from the instant case. There the wall was safe until the razing operations were carried on and was rendered unsafe solely as a result of the razing operations. Here the unsafe condition preceded the razing operations and was in no wise caused or increased by the razing operations. Such operations merely uncovered the unsafe condition.

We think the instant case falls clearly within the provisions of sections 5–501, 502 and 503 and that the proceedings carried out by the District were in all respects valid.

The judgments will be reversed and the cause remanded with instructions to reinstate the cross-claim and counterclaim and proceed further in accordance with the views herein expressed.

So ordered.